UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LEONZO JOAQUIN CONSTANZA
ALVARADO,

                Plaintiff,                      **MEMORANDUM AND ORDER**

           - against-                     13 CV 1672 (RJD) (JO)

FIVE TOWNS CAR WASH, INC., et al.,

                Defendants.
------------------------------------------------------------ x
DEARIE, District Judge.

        Plaintiff Leonzo Joaquin Constanza Alvarado moves for partial summary judgment against defendants Five Towns Car Wash, Inc. ("Five Towns") and William Brown on the issue of whether defendants could properly avail themselves of the so-called tip credit under the Fair Labor Standards Act of 1938 ("FLSA") and an analogous provision of the New York Labor Law ("NYLL"). See 29 U.S.C. § 203(m); N.Y. Lab. Law § 196-d; See generally Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 239-40 (2d Cir. 2011) (explaining conditions under which an employer may apply the tip credit to employee wages under the FLSA); Barenboim v. Starbucks Corp., 21 N.Y.3d 460, 469-73 (2013) (explaining application of the tip credit under the NYLL). The Court heard argument on the motion on September 18, 2014. Jury selection is set to begin on September 22nd. We will be correspondingly brief.

        In determining whether a genuine issue of material fact precludes summary judgment, we view the evidence in the light most favorable to the non-moving parties. Esmilla v. Cosmopolitan Club, 936 F. Supp. 2d 229, 237 (S.D.N.Y. 2013) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Moreover, we draw all reasonable inferences and resolve all ambiguities in favor of the non-moving parties. Callari v. Blackman Plumbing

Supply, Inc., 988 F. Supp. 2d 261, 275 (E.D.N.Y. 2013) (citing Anderson, 477 U.S. at 247-48). Properly applied, that indulgent standard precludes summary judgment here. Alvarado has done an admirable job drawing out certain inconsistencies between Brown's testimony, his own testimony, and the testimony offered by three employees whom Alvarado claims improperly shared tips: Luciano Alfaro, Herman Heeraman ("Terry"), and Sahil Sood. But genuine – in some instances, closely contested – disputes of material fact remain.

In principle, the Court can sometimes settle the economic reality test on a motion for summary judgment, because the ultimate question of whether a supervisor acts as an employer when sharing tips is a question of law. Cf. Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 76 (2d Cir. 2003) (economic reality test presents a mixed question of law and fact in which historical facts underlie the weight afforded to each factor, which in turn drives the ultimate conclusion of law). But we cannot say that either Alfaro, Terry, or Sood acted with the degree of authority and control required to impute their sharing in tips to Brown and Five Towns, at least not based on the historical facts that are undisputed, such as the fact that all three supervised other employees to ensure they washed and detailed the cars properly. The Court does not make too much of the fact that Sood evidently prepared payroll forms, given that his role appears to have required little more than inputting hours and calculating wages based on the rate set by Brown. See Widjaja v. Kang Yue USA Corp., 2011 WL 4460642, at *4 (E.D.N.Y. Sep. 26, 2011) ("[F]actors governing the determination include . . . analyzing payroll and [other] costs[.]") (emphasis added). Similarly, the fact that Terry drew a salary, although an important factor, is insufficient standing alone to establish his status as an employer. See Ayres v. 127 Rest. Corp., 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998) (concluding that manager became employer for purposes of tip credit not only because he began drawing salary, but because he

"gained 'full authority' to suspend or terminate employees . . . made hiring decisions . . . [and] assumed greater responsibility for the restaurant's budget.")

We might conclude that Alfaro, Terry, or Sood acted as Alvarado's employer for purposes of the tip credit if Alvarado had conclusively dispelled any genuine dispute of fact on whether any one of those three supervisors had durable power to hire and fire. See Widjaja, 2011 WL 4460642, at *4 ("The most significant factor in determining whether a person is an 'employer' is the power to hire, fire, or discipline other employees."). But, although Alvarado has identified some equivocation by Brown with respect to Terry, he has not yet made that showing. Not in light of the following extended testimony from Brown:

> Q: Besides you, did anyone else ever fire anyone at the car wash?
> A: It's possible Terry might have let somebody go, but it would likely be me.
> Q: Other than Terry, anyone else fire anyone that you know?
> A: Not that I'm aware of.
> Q: What about hiring? Do you know if anyone other than you hired anyone at the car wash?
> A: Terry might have hired somebody, but he would call me up and get my okay.
> Q: Did Terry ever hire somebody without calling you first?
> A: No, not that I'm aware of.

(Brown Dep. 23, filed at Brown Decl. Ex. C, ECF No. 39-3). Whatever Terry's role in hiring and firing employees (his exact role remains unclear), this testimony indicates that Brown made the final decision.[1]

Likewise, we cannot conclude that either Alfaro, Terry, or Sood were employees who did not "customarily and regularly" receive tips. 29 U.S.C. § 203(m); See generally Chan v. Triple 8 Palace, Inc., 2006 WL 851749, at *14 (S.D.N.Y. Mar. 30, 2006) (explaining that the employer cannot apply the tip credit if the employer shares in the tips or if an employee who does not

---

[1] Gelber Constanza's testimony does not persuade the Court otherwise. To grant the motion in reliance on that testimony we would likewise have to resolve the ambiguities surrounding Gelber Constanza's resignation, rehire, and eventual termination in Alvarado's favor, not in favor of defendants.

3

customarily receive tips participates in the tip pool). In determining whether an employee customarily and regularly receives tips, the Court "focus[es] on whether the employee in question is 'part of an occupation that customarily and regularly receives tips,' or whether they have more than 'de minimis' interaction with customers as a part of their employment." See Garcia v. La Revise Assocs. LLC, 2011 WL 135009, at *5 (S.D.N.Y. Jan. 13, 2011) (quoting Kilgore v. Outback Steakhouses of Florida, Inc., 160 F.3d 294, 301 (6th Cir. 1998)). The record includes ample evidence from which a reasonable fact-finder could infer that Alfaro, Terry, and even Sood (who described himself as a "back manager") all had more than de minimis interaction with customers – participating in the washing and detail work, vacuuming and scrubbing, driving cars from the customer drop-off point to the washing area, and so forth. Indeed, Sood flatly stated that it was his job to, among other things, "mak[e] sure the customer is very satisfied in the front like they were in the back." (Sood Dep. 16, ECF No. 41-3). From that we can readily infer that he also interacted with those same customers when "vacuum[ing] the cars," "dr[iving] up the cars," and "scrubb[ing] the tires." (Sood Dep. 51, filed as Brown Decl. Ex. F, ECF No. 39-6). After all, the simplest way for Sood to ensure that the customer was satisfied with his work and that of his co-workers would be to ask the customer directly.

The Court also cannot determine with certainty that Brown failed to properly notify Alvarado that he would apply the tip credit to his wages. 29 U.S.C. § 203(m). The papers obliquely raise the interesting question of just how much explication is required before the employer can be said to have "informed" the employee. See Id. Generally, however: "[e]mployers do not have to 'explain' the tip credit to employees . . . it is enough to 'inform' them of it." Chan, 2006 WL 851749, at *14 (quoting Kilgore, 160 F.3d at 298). On this point, Alvarado has again done well to pull together testimony from the various depositions to dispute

Brown's pointed statement that he "told them that the minimum wage is $7.25, we pay $6.25, and we're allowed to take a tip credit, and that brings you up to the minimum wage." (Brown Dep. 71). But ultimately Alvarado has raised the dispute, not resolved it, especially when we take into account the wage statements provided to Alvarado and the New York State Department of Labor informational posters displayed in the car wash.[2]

Finally, we cannot grant summary judgment in favor of Alvarado on the issue of whether defendants improperly applied the tip credit under the NYLL. N.Y. Lab. Law § 196-d. Granted, the test set forth in Barenboim, 21 N.Y.3d at 469-73 exhibits subtle differences from the tests applied under the FLSA. In our view, however, there is little functional difference between the federal and state tipping provisions as applied to this motion. As the Court of Appeals summarized:

> [A]n employee whose personal service to patrons is a principal or regular part of his or her duties may participate in an employer-mandated tip-allocation arrangement under Labor Law § 196-d, even if that employee possesses limited supervisory responsibilities. But an employee granted meaningful authority or control over subordinates can no longer be considered similar to waiters and busboys within the meaning of section 196-d and, consequently, is not eligible to participate in a tip pool.

Id. at 473. The first part of this rule resembles the FLSA's test for whether an employee "customarily and regularly receives" tips, though it does require more than a de minimis showing of customer interaction. The second part – "meaningful authority or control over subordinates" – resembles the economic reality test, hinging as it does on various factors indicating managerial power, see Id. at 473, although arguably requiring a lesser showing of authority than the FLSA. See Megason v. Starjem Rest. Corp., 2014 WL 113711, at *6 (S.D.N.Y. Jan. 13, 2014). We need not parse the distinctions here, because Alvarado's motion under the NYLL falls short for

---

[2] Of course, the veracity of those wage statements is very much in dispute in this litigation, but on the present motion we are obliged to view them as truthful and accurate.

much the same reasons as under the FLSA. Specifically, for the reasons the Court explained supra pp. 2-3, we do not think Alvarado has yet shown that Alfaro, Terry, or Sood crossed the "line" established by the Court of Appeals between "supervisory responsibility" and "meaningful or significant authority." Barenboim, 21 N.Y.3d at 472-73. And, for the reasons we explained supra pp. 3-4, there is evidence indicating that all three employees provided "personal service to patrons" on a regular basis. Id. at 473. The motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
       September 19, 2014

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge