UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEONZO JOAQUIN CONSTANZA ALVARADO,          13 CV 1672(RJD)(JO)

                           Plaintiff,


            -against-
FIVE TOWNS CAR WASH INC.,
and WILLIAM BROWN, as Individual,

                           Defendants.
-----------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE IRRELEVANT AND PREJUDICIAL TESTIMONY

### PRELIMINARY STATEMENT

Defendants Five Towns Car Wash Inc. and William Brown, (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in support of Defendants' Motion *In Limine* precluding testimony at trial from Plaintiff's proposed witnesses Gelber Constanza and Pavel Constanza about their own hours, pay and employment (including signing time/pay sheets) at Five Towns Car Wash on the ground that their testimony is not relevant to Plaintiff's claims and will only create prejudice to Defendants that will substantially outweigh its probative value.

Plaintiff seeks the testimony of witnesses who have no knowledge of Plaintiff's employment arguing that their testimony is relevant since it attacks the credibility of Defendants. However, for the reasons stated below, Plaintiff's argument fails for a variety of reasons and these witnesses must be barred from testifying.

First, as a matter of law, pursuant to Fed. R. Evid. 608(b) a party may not provide extrinsic evidence to prove the untruthfulness of the opposing party. See United States v. Olivo, 80 F.3d 1466 (10th Cir. 1996).  Second, courts do not permit a witness to testify about their own wages and hours absent a showing of relevance. Lastly, Fed. R. Evid. 406 is inapplicable in this instance because Plaintiff has failed to prove the existence of a pattern of repeated behavior and Plaintiff cannot bring out character evidence through Fed. R. Evid. 406.

## ARGUMENT

### POINT I

### PLAINTIFF MAY NOT PROVIDE EXTRINSIC EVIDENCE TO PROVE THE UNTRUTHFULNESS OF DEFENDANTS

Under Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Furthermore, pursuant to Rule 608(a), character testimony may only be in the form of opinion or reputation. Accordingly, Plaintiff may not provide specific instances through extrinsic evidence, the testimony of Pavel Constanza and Gelber Constanza, in an attempt to prove Defendant William Brown's untruthfulness.  See United States v. Olivo, 80 F.3d 1466 (10th Cir. Okla. 1996).

### POINT II

### COURTS DO NOT PERMIT WITNESS TO TESTIFY ABOUT THEIR OWN WAGES AND HOURS

Contrary to Plaintiff's assertion, witnesses that have little connection to the Plaintiff cannot testify as to their own wages and hours. In Keun-Jae Moon v. Joon Gab Kwon, the Court allowed witnesses who worked with and at the same time as the plaintiff in that case to testify. 248 F. Supp. 2d 201 (S.D.N.Y. 2002)( [The Witness] corroborates this account of the

responsibilities undertaken by both Lee and [Plaintiff], testifying that when he came to work in the morning, he would frequently find that [Plaintiff] had slept in the basement laundry room."). Moreover, the testimony in that case was related to how the plaintiff himself was paid, and not the mere fact that the witnesses were also paid improperly. Id.

Here, however, Plaintiff attempts to use testimony of employees who never worked with Plaintiff in order to prove that they had similar situations. The Court should not allow such testimony as it will unfairly prejudice Defendants and improperly place Defendants in an bad light.

## POINT III

## FED. R. EVID. 406 IS INAPPLICABLE

Fed. R. Evid. 406 is inapplicable in this instance because Plaintiff cannot bring out character evidence through Fed. R. Evid.406. and Plaintiff has failed to prove the existence of a pattern of repeated behavior.

Courts define a habit or routine practice as "a regular practice of meeting a particular situation with a specific type of conduct," a practice that becomes a semi-automatic behavior. Camfield v. City of Okla. City, 248 F.3d 1214, 1232-1233 (10th Cir. Okla. 2001). Moreover, a habit is a "nonvolitional activity that occurs with invariable regularity." Weil v. Seltzer, 873 F.2d 1453, 1460 (D.C. Cir. 1989) (The Court did not find a habit where a doctor improperly prescribed steroids to five patients (other than the plaintiff). Accordingly, a habit or a routine practice are much narrower than character evidence.

Examples of permissible habit evidence include such actions as where a deceased driver routinely failed to wear a seatbelt because that is a semiautomatic behavior. Babcock v. general Motors Corp., 299 F.3d 60, 66 (1st Cir. 2002). Additionally, evidence of a defendant's inadequate performance of other contracts was not admissible as a routine practice or habit. Simplex, Inc. v.

Diversified Energy Systems, Inc., 847 F.2d 1290 (7th Cir. Ill. 1988).  Similarly, it was not considered routine practice where a defendant deliberately obstructed discovery in three (3) other lawsuits, where as no comparison was made to the numerous times the defendant did not obstruct discovery in other lawsuits. Wilson v. Volkswagen of Am., 561 F.2d 494 (4th Cir. Va. 1977). Here, Plaintiff cites to no comparison as to how many employees worked for defendants during the time period of employment or his witnesses.  Plaintiff's anecdotal evidence is insufficient to establish a habit.

The burden of proving a habit or routine practice falls on the Plaintiff. United States v. Angwin, 271 F.3d 786 (9th Cir. Cal. 2001). To prove a habit the proponent  must show: "(1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." Id.

Here, Plaintiff has failed to show a habit or routine practice that Defendants did not pay Plaintiff correctly.  Plaintiff cannot use this as character evidence to prove the untruthfulness of Defendant William Brown, as evidence of habit and routine practice is much narrower than that of character evidence.  Yet, this is what Plaintiff is attempting to do.  Moreover, similar to Weil and Wilson, where five (5) and three (3) instances were not considered a sufficient amount to prove a routine practice, here, there are only two other witnesses that Plaintiff claims were not paid properly. Clearly, Plaintiff fails to establish the regularity and numerosity requirement. Moreover, similar to the Court in Simplex, Inc., which ruled that the inadequate performance of other contracts was not admissible as a routine practice, so to here the failure to pay these witnesses properly, even though not true, cannot be used to show that Defendants paid Plaintiff

improperly. The lack of quantity and adequacy of these witnesses testimony is not sufficient to show that Defendants had a habit or routine practice of paying Plaintiff improperly.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to preclude testimony by Gelber Constanza and Pavel Constanza about their own hours, pay and employment (including whether they signed time/pay sheets) at Five Towns Car Wash at trial and for such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
      September 21, 2014

              Respectfully submitted,

              /s/_____
              Joseph M. Labuda
              Milman Labuda Law Group PLLC
              Attorneys for Defendants
              3000 Marcus Avenue, Suite 3W8
              Lake Success, New York  11042
              (516) 328-8899