UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LEONZO JOAQUIN CONSTANZA ALVARADO,      13 CV 1672(RJD)(JO)

                Plaintiff,                    JOINT PROPOSED
                                            JURY INSTRUCTIONS

      -against-
FIVE TOWNS CAR WASH INC.,
and WILLIAM BROWN, as Individual,

                Defendants.
--------------------------------------------------------------x

Pursuant to the provisions of Rule 51(a) of the Federal Rules of Civil Procedure, Plaintiff,

Leonzo Joaquin Constanza Alvarado, and Defendants, Five Towns Car Wash Inc. and William

Brown, request that the Court issue the following instructions to jurors at the close of the

evidence:

## STANDARD CIVIL JURY INSTRUCTIONS

## GENERAL INTRODUCTORY REMARKS

Members of the Jury:

Now that you have heard all the evidence and all of the arguments of counsel, it becomes

my duty to give you the instructions of the Court as to the law applicable to this case. It is your

duty as jurors to follow the law as I state it to you in these instructions and to apply that law to

the facts as you find them from the evidence in the case. You are not to single out any one

instruction that I give as stating the only law that is applicable to this case. You must consider

and decide this case on the instructions as a whole.

You should understand your key role and ultimate responsibility for the decision in this

case. As I told you when we first met, the essential purpose of a trial is to resolve issues of fact.

The jury in a case such as this one decides those issues of fact. You are the exclusive and

1

sovereign judges of the facts the parties have disputed by the evidence and argument placed before you. In judging those facts, you should do so reasonably and fairly, by considering all the evidence. You should, of course, use your own good judgment and common sense.

My function at this stage is to review the issues to be decided and to outline for you the rules of law which you will apply to the facts as you find them. These rules, which govern all of us, state the principles to be applied by you in resolving the issues in this case and in conducting your deliberations. I remind you of your important and solemn responsibility as impartial judges of the facts. We count on you with confidence to follow your oath to decide objectively, without passion or sympathy, with cool and rational detachment.

You will realize the importance in our system of equality before the law. All parties come to court as equals in the sense of being entitled to the same benefits, and being held to the same responsibilities, under the law. The nature of the parties is of no consequence to your deliberations, one way or the other. All of the parties have a right to have this case decided fairly under the law.

## EVIDENCE IN THIS CASE

In performing your crucial responsibility of finding the facts, you must remember that the jury's deliberations are to rest solely and exclusively upon the evidence. Recall at this stage the things that are evidence and the things that are not evidence. The evidence consists of the sworn testimony of the witnesses you have heard and the exhibits that are now part of this record. Pleadings (Complaint and the Answer filed in response) are normally not to be considered as evidence, since they merely set forth the claims of the parties and you are the sole judges of the extent to which the evidence supports those claims.

## STATEMENTS OF COUNSEL OR JUDGE

Preferences or sympathies in relation to counsel should have no place in your decision and you must not be prejudiced by such. This is a search for truth, not a popularity contest. In making objections and arguments, however the rulings may have gone, these lawyers were doing their assigned jobs throughout. Any preferences as to counsel must be put aside in your deliberations.

Statements made by counsel in their closing remarks or in the asking of questions of witnesses do not constitute any evidence whatsoever in the case and should be disregarded by you as proof of any facts. You should attach no weight to inferences from questions, apart from the sense and meaning of the answers. It is the duty and the right of counsel to address you and explain the testimony to enable you better to understand the questions which you are to decide. However, if counsel inadvertently misstates the law or misstates the evidence, you will follow the law as given to you by the Court in these instructions and not as stated by counsel. Likewise, you will take the evidence detailed by the witnesses and shown by the documents introduced instead of the statements of counsel. However, this does not mean that you must disregard the statements of counsel. If such statements, in your judgment, are of assistance to you in refreshing your memory of the evidence or in evaluating that evidence, you are not compelled to ignore them. The accuracy and the appropriateness of counsel's statements are entirely for you to judge.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict in this case.

One type of evidence is called direct evidence. Direct evidence is evidence presented by a witness who testified as to what that witness saw, heard or observed. In other words, when a witness testifies about what is known to that witness by virtue of the witness's own senses -- what the witness sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. When we employ circumstantial evidence to reach a conclusion, we often say that we "infer" one fact from another or that we "draw an inference."

That is all there is to circumstantial evidence. You take an established fact and conclude, on the basis of reason, experience and common sense, that another fact exists or does not exist. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence. In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense and experience. After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

**CREDIBILITY OF WITNESSES**

The credibility of the witnesses who testified in this case and the weight to be accorded their testimony will be determined entirely by you.

No fact, of course, may be determined merely by the number of witnesses before you or the volume of the evidence. You are interested primarily in the quality of the testimony and evidence offered and not in its quantity.

There is no magic formula by which one may evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others.  The same tests that you use in your everyday dealings are the tests you should apply in your deliberations as jurors.

You should carefully scrutinize all the testimony, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive, state of mind and demeanor while on the stand.  Consider the witness's ability to observe the matters as to which the witness has testified and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any possible bias which the witness might have, either for or against plaintiffs or for or against defendants; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.  In short, you should test the evidence by your own knowledge of human nature and the motives that influence and control human beings.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident may see or hear it differently.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it involves an important fact or only a small detail.

Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind in scrutinizing the whole testimony of that

witness. If, however, you conclude that a witness has not only testified falsely but has done so intentionally, this fact casts a very serious doubt on all of that witness's testimony, and you might well conclude that you cannot accept any of it.

The significance you attach to an inaccuracy may vary due to the particular fact at issue or the surrounding circumstances which, in your mind, should have impressed it upon the memory of the witness and caused a correct retention of it to be made.

A witness may be discredited or impeached by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony. If you believe that any witness has been discredited or impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, due to the witness's bearing and demeanor, or due to the inherent improbability of the witness's testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. On the other hand, the testimony of a single witness may be sufficient to convince you of the existence of an essential element or elements of the claim made.

**NUMBER OF WITNESSES IMMATERIAL**

The weight of the evidence is not necessarily determined by the number of witnesses, or even one witness, testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses, or even one witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. You may, of course, reach the opposite conclusion.

**DEPOSITION TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, testimony was presented to you by deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**STIPULATIONS BY COUNSEL**

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

**JUDICIAL NOTICE OF FACTS**

During the trial, I took judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

## BURDEN OF PROOF

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of his claims by a preponderance of the evidence. I should point out that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendants' evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of a defendant, then, obviously, the plaintiff has not sustained his burden of proof as to that defendant. Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, then the plaintiff has failed to meet his burden of proving his case against a defendant under consideration by a preponderance of the evidence, and that defendant prevails.

## SUBSTANTIVE JURY INSTRUCTIONS

### 1. General Introductory Remarks

In this case, plaintiff Leonzo Joaquin Constanza Alvarado brings claims under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York State Minimum Wage

Act, N.Y. Labor Law § 190 et seq., alleging that defendants Five Towns Car Wash Inc. and William Brown failed to pay him wages and overtime pay.  Specifically, plaintiff alleges:

(1)    that he was not paid minimum wages while working for defendants;

•    that he was not paid overtime pay while working for defendants; and

•    that he was not paid spread of hours pay while working for defendants.

Defendants, Five Towns Car Wash Inc. and William Brown, deny that it failed to pay plaintiff minimum wage and overtime and asserts that it paid Mr. Constanza Alvarado properly.

## 2. The Employer-Employee Relationship

### i.     Defendants' Submission

The law provides that an "employer" is any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C.A. §203(d). To "employ" someone means to suffer or permit to work. 29 U.S.C.A. §203(e)(1). An employee is only covered under the law if he is engaged in commerce or in the production of goods for commerce. 29 U.S.C.A. §§203(g), 206(a), 207(a).

In order to determine whether an employer-employee relationship exists, a number of factors are to be examined. These factors include: the employer's overall operational control of the corporation, ownership interest in it, control of significant functions of the business, ability to determine the employees' salaries and make hiring and firing decisions. Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); Jiao v. Chen, 2007 U.S. Dist. LEXIS 96480 at *32 (S.D.N.Y. 2007).

You should determine whether an employer-employee relationship exists by looking at the real economic relationship between the employer who uses and benefits from the services of the workers and the employee that hires or assigns the workers.  You may examine whether the

defendant William Brown* had and exercised the power to hire and fire the plaintiff, exercised supervision and control over the plaintiff, paid plaintiff's wages, controlled plaintiff's work schedules or maintained records. No single factor is controlling.

    ii.    **Plaintiff's Submission and/or objection**

    \* Plaintiff wants to add Luciano Alfaro, Herman Heerman (Terry) and Sahil Sood as employers.

    Defendants object to this addition since these individuals have not been determined to be employers. Moreover, the use of their names is prejudicial. The test is who is an "employer".

    **3.  FLSA Tip Credit Law**

    i.    **Defendants' Submission**

    Pursuant to both the Federal and New York State law, an employer may take a tip credit against its minimum wage requirements for tipped employees equal to the difference between the required cash wage rate and the minimum wage rate. 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b); 12 NYCRR § 142-2.5.

    Under the FLSA, in order to take the tip credit an employer: (1) may not share in the employees' tips and (2) must notify the employees' of its intention to deduct the tip credit from the employees' wages. Jimenez v. KLB Foods, Inc., 2014 U.S. Dist. LEXIS 82509, 6-7 (S.D.N.Y. June 17, 2014); See also 29 U.S.C. § 203(m).

    Under the FLSA, Courts look to "whether the alleged employer had the power to hire and fire employees, supervise and control their work schedules or conditions of employment, determine their rates and methods of payment, or maintain their employment records" as factors to determine an employee's status as an "employer." Garcia v. La Revise Assocs. LLC, 2011 U.S. Dist. LEXIS 3325 (S.D.N.Y. Jan. 13, 2011). No single factor is dispositive. Id; See also

Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 310 (S.D.N.Y. 2011) (The Court analyzed whether the individual in question "had any role in controlling work schedules, determining employee compensation, or maintaining employment records.").

If you find that: (1) Plaintiff's employer, as defined by the federal law, participated in the tip pool, or (2) defendants failed to provide notice of the tip credit, then you should find in favor of the plaintiff to the extent that defendants were prohibited from taking a tip credit from plaintiff's wages pursuant to the federal law established by a preponderance of the evidence. If you find that: (1) Plaintiff's employer, as defined by the federal law, did not participate in the tip pool or (2) that the defendants notified plaintiff of the tip credit, then you should find in favor of defendants, in that defendants were permitted to take a tip credit from plaintiff's wages pursuant to the federal law.

### ii.    Plaintiff's Submission and/or objection

To be able to take a tip credit against the employees' wages under the FLSA, an employer must give notice to its employees that it plans to consider tips as part of the employer's minimum wage obligations. Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 08 Civ. 3725, 2010 WL 4159391 at *3 (S.D.N.Y. Sept. 30, 2010); see also 29 U.S.C. §203(m). At the very least, notice of the employer's intention to treat tips as satisfying part of the minimum wage obligations must be given to the employees. Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 257 (S.D.N.Y. 2011).

Defendants object to this submission as it is duplicative and Defendants have already included the notice requirement above.

### 4. New York State Tip Credit Law

### i.    Defendants' Submission

Under the New York Labor Law, in order to take a tip credit "[n]o employer or his agent...shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Labor Law §§ 196-d.

Under New York Law, the following factors are used to determine whether an individual acts as an "employer"* under the New York Labor Law: (1) the ability to discipline subordinates, (2) assist in performance evaluations, (3) participate in the process of hiring or terminating employees, and (4) assist in the creation of employee work schedules, thereby directly influencing the number of hours worked by staff as well as their compensation. Barenboim v. Starbucks Corp., 21 N.Y.3d 460, 473 (2013).

Moreover, pursuant to the New York Labor Law, tip pool eligibility "should be limited to employees who... are ordinarily engaged in personal customer service, a rule that comports with the 'expectation[s] of the reasonable customer.'" Starbucks, 21 N.Y.3d at 471-472; N.Y. Labor Law §§ 196-d. To be eligible, an employee must perform personal service to customers as part of his regular duties, not just merely occasional or incidental. Id.

If you find that Plaintiff's employer*, as defined by the New York law, participated in the tip pool or that those participating in the tip pool did not ordinarily engage in personal customer service, then you should find in favor of the plaintiff to the extent that defendants were prohibited from taking a tip credit from plaintiff's wages pursuant to New York law. If you find that Plaintiff's employer, as defined by the New York law, did not participate in the tip pool and those participating in the tip pool ordinarily engaged in personal customer service, then you should find in favor of defendants, in that defendants were permitted to take a tip credit from plaintiff's wages pursuant to the New York law.

12

ii.     **Plaintiff's Submission and/or objection**

*Plaintiff wants to add "or his agent".

Defendants object to this addition as pursuant to New York law an employer is inclusive of its agents.

### 5. FLSA Minimum Wage and Overtime

The federal law provides that a non-exempt employee, like plaintiff, be compensated at a rate of not less than the minimum wage per hour for all hours worked up to 40 hours per week. 29 U.S.C. § 206, 207(a) (1). The employee must be paid not less than one-and-one-half times the minimum wage rate for any hours (that is, time-and-a-half) in excess of forty hours per week. 29 U.S.C.A §207(a)(1).

During all relevant times for this case, under federal law, the minimum wage that an employee must be paid was $7.25 an hour.   29 U.S.C. § 206, 207(a) (1). Furthermore, an employer was permitted to pay an employee $2.13 an hour, by taking a tip credit of $5.12 an hour, as long as the employee's cash wage rate and tips equaled at least the minimum wage rate of $7.25. 29 U.S.C. §203. Lastly, the employee must be compensated at the minimum overtime rate of $10.88 for each hour in excess of 40 hours worked per work week.   29 U.S.C.A §207(a)(1).

### 6. Tip Credit and Overtime Payment

### i. Defendants' Submission

Furthermore, for hours worked in the excess of 40 hours worked per work week, an employer is permitted to pay an employee an overtime rate of $5.76 per hour, by taking a tip credit of $5.12 an hour, as long as the employee's cash overtime rate and tips equaled at least the minimum wage overtime rate of $10.88. 29 U.S.C. §203.

### ii. Plaintiff's Submission and/or objection

Where the employer takes a tip credit, overtime is calculated on the full minimum wage, not the lower direct wage payment. Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 291 (S.D.N.Y. 2011). The employer may not take a larger tip credit for an overtime hour than for a straight time hour. Id.

Defendants object to this submission by Plaintiff because it misinterprets the law. An employer may not take a tip credit on an overtime rate that would exceed the tip credit amount permitted by 29 U.S.C. §203(m). Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 291 (S.D.N.Y. 2011). However, the employer is permitted to take the full tip credit amount for overtime hours. Id. Therefore, Defendants were permitted to take an overtime tip credit of at least $5.12 an hour for overtime hours. Id.

### 7. New York State Minimum Wage Law and Overtime

The New York law also regulates the hours and wages of covered employees and sets a minimum wage and a 40-hour per week limit on the number of hours that can be worked by an employee without the employer having to pay overtime compensation. At all relevant times,

New York law required an employee to be paid a minimum wage rate of $7.25 an hour. Moreover, New York Law allowed an employer to take a tip credit of at least $1.75, permitting the employer to pay a tipped employee an hourly wage rate of $5.50. 12 NYCRR § 142-2.5. Under New York law, any employee who worked in excess of 40 hours per week must be compensated at the minimum overtime rate of $10.88 for each hour in excess of 40 hours worked per work week. 12 N.Y.C.R.R. §142-2.2. New York law also requires an additional "one hour's pay at the basic minimum hourly wage rate" for each day worked more than ten hours ("spread of hours" pay). 12 N.Y.C.C.R.R. § 142-2.4. This "spread of hours" law not does apply if the plaintiff was paid the equivalent of the extra hour in his base wages. See Jenkins v. Hanac, Inc., 493 F. Supp. 2d 556 (E.D.N.Y. 2007).

If you find that the plaintiff was an employee of defendants at any relevant time and if you find that the plaintiff was improperly paid at any time during said period of employment, then you should find in favor of the plaintiff to the extent that a violation of federal or state law is established by a preponderance of the evidence. If you do not find that plaintiff was improperly compensated by a preponderance of the evidence, then you should find in favor of the defendants.

### 8. **Employee Bound to Verified Time Records**

### i. **Defendants' Submission**

The law provides that where an employee signs his timesheets, he is attesting to the accuracy thereof and cannot later claim that the hours listed on the time sheet were inaccurate. Ruffino v. North Slope Borough, 1994 U.S. App. LEXIS 13179 (9th Cir. Alaska May 23, 1994); Wood v. Mid-America Mgmt. Corp., 2005 U.S. Dist. LEXIS 37016 (N.D. Ohio July 18, 2005).

If you find that Plaintiff signed his time sheets, then you should find in favor of Defendants concerning the accounting of Plaintiff's hours and pay.

### iii.   Plaintiff's Submission and/or objection

Plaintiff objects to the inclusion of this instruction.

### 9.   If Employer doesn't keep accurate and adequate records, Plaintiff has an inference

### i.   Plaintiff's Submission

Under Federal law, an employer must make, keep and preserve records of his employees, as well as their wages, hours, and other conditions and practices of employment. 19 U.S.C. §211(c); 29 C.F.R. §516.2(a)(7). Where the employer's records are inaccurate or inadequate, an employee may submit sufficient evidence from which violations of the FLSA may be inferred. Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372 (E.D.N.Y. 2012).

Under the FLSA, an employee who brings an action for unpaid overtime compensation "has the burden of proving that he performed work for which he was not properly compensated". Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381 (E.D.N.Y. 2007) citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). When the employer's records are inaccurate or inadequate, the employee may meet this burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference". Id; see also Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31-31 (2d Cir. 2002). Plaintiff may meet this burden by relying solely on his or her recollection. Rivera v. Ndola Pharmacy Corp., supra. See also, Doo Nam Yang v. ACBL Corp., 427 F. Supp.2d 327, 335 (S.D.N.Y. 2005). Accordingly, when defendants' records are inadequate, plaintiff's

estimates may constitute sufficient evidence and "the employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records" Rivera, supra, citing Mt. Clemens Pottery Co., supra.

Once an employer knows or has reason to know that am employee is working overtime, it cannot deny compensation under the Fair Labor Standards Act (FLSA) simply because the employee failed to properly record or claim his overtime hours.

When an employer has inaccurate or inadequate records, the plaintiff has carried out his burden if he proves that he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference; sufficient evidence may be established by recollection alone, and the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Solis v. SCA Rest. Corp., 938 F. Supp. 2d 380 (E.D.N.Y. 2013).

### ii.   Defendants' submission and/or Objection

Defendants object to this submission as it is inapplicable. Defendants did in fact keep accurate and adequate records. Defendants produced these records to Plaintiff bates stamped as D1-D13.  Plaintiff's instructions are only applicable when the employer failed to maintain time and payroll records. Anderson v. Mt. Clemens Pottery Co., 328 US 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

**10. Employer Duty to Keep Accurate and Precise Records Under New York State Law**

**i.      Plaintiff's Submission**

New York State maintains that employers are required to establish and maintain true and accurate payroll records showing the hours worked, and the rates of pay.  N.Y. Lab. Law §661; N.Y. Comp. Codes R. & Regs. Tit. 12, §142-2.6(a)(4).

If you find that Defendant did not make, keep or preserve accurate and precise records, and you can reasonably infer from Plaintiff's testimony that he in fact worked the hours he claims, then you should find in favor of Plaintiff concerning his hours and pay.

**ii.      Defendants' Submission and/or Objection**

Defendants object to this submission as it is inapplicable. Defendants did in fact keep accurate and adequate records. Defendants produced these records to Plaintiff bates stamped as D1-D13.  Plaintiff's instructions are only applicable when the employer failed to maintain time and payroll records.  Anderson v. Mt. Clemens Pottery Co., 328 US 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

**11. Non-Compensable Meal Break Time**

An employer does not have to compensate an employee for meal breaks that are thirty (30) minutes or longer. 29 C.F.R. 785.19. Additionally, "[i]t is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period." Id.  Moreover, in certain cases a shorter period than thirty (30) minutes, but longer than twenty (20) minutes, may be long enough. 29 C.F.R. 785.19; Blain v. General Electric Co., 371 F. Supp. 857, 862 (W.D. Ky. 1971) ("once it is established that during the designated meal period employees are completely relieved from work for the purpose of eating a meal, the criteria

of Section 785.18 are not relevant in determining the bona fides of the meal period...'Necessarily, whether or not a so-called lunch period is a bona fide lunch period or merely a rest period depends upon the object and purpose for which the cessation of work occurs.'"). Lastly, pursuant to the New York Labor Law an employer may provide a shorter meal break as the commissioner of labor may permit. N.Y. Labor Law §162.

If you find that Plaintiff was (1) not given meal breaks over twenty (20) minutes long and (2) was not free from his working duties, then you should find in favor of the plaintiff to the extent that the hours taken by Plaintiff as his meal breaks were compensable. If you find that Plaintiff was (1) given meal breaks over twenty (20) minutes long and (2) was free from his working duties, then you should find in favor of the defendants to the extent that the hours taken by plaintiff as meal breaks were non-compensable.

## 12. Damages

Now, if you have found that the plaintiff has proved his claims by a preponderance of the evidence, then you may consider what damages, if any, are due to him. The fact that I give you instructions on damages should not be taken as an indication that I think that damages should be, or should not be, awarded. That is a determination which is left entirely to you. I am instructing you on principles governing damages awards so that, in the event you should find the defendant liable, you will know on what basis to consider any award of damages.

If you find that plaintiff was properly compensated by a preponderance of the evidence, then you should find in favor of the defendants and award no damages to plaintiff.

## 13. Federal Liquidated Damages

Under federal law, in addition to actual damages for the lost back pay and overtime wages, you must award an additional equal amount of the actual damages as liquidated damages

(in other words, double the actual damages) unless the defendants proves it acted in good faith and had reasonable grounds for believing that their conduct was not in violation of the federal law.  See Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008); Lorillard v. Pons, 434 U.S. 575, 582 n.8 98 S. Ct. 866, n.8 (1978).  The employer has the burden of proof to show that its failure to comply with the federal law was in good faith and that it had reasonable grounds for the belief that it was in compliance.  Therefore, defendants must establish it had an honest intention to ascertain and follow the dictates of the federal law and that they had reasonable grounds for believing that their conduct complied with the federal law.  Therefore, if you find that defendants have not met their burden of proof, you must find for the plaintiff and award as liquidated damages against the defendant an amount equal to the actual damages under federal law lost by plaintiff.  29 U.S.C.A. §§216(b), 20; 29 C.F.R. §§790.15, 790.22(c).

If you do not find that plaintiff was improperly compensated by a preponderance of the evidence, then you should find in favor of the defendants and this damage instruction is not applicable.

## 14. New York State Law Damages

### i.    Defendants Submission

If you awarded damages under the FLSA, then you cannot award additional damages under the New York State law.  See Gortat v. Capala Bros., 949 F. Supp. 2d 374 (E.D.N.Y. 2013); Shiu v. New Peking Taste, Inc., 2013 U.S. Dist. LEXIS 185347 (E.D.N.Y. Oct. 24, 2013).

If you did not award damages under the FLSA, then you may award damages under the New York State law.

Under New York State law, if an employer pays an employee less than the wage to which he is entitled under New York law, he may recover the amount of any such under payments.  In addition, if such underpayment was willful, he may recover an additional amount as liquidated

damages equal to one hundred percent of the total of such under payments found to be due him. New York Labor Law § 198(1-a).

Therefore, if you find by a preponderance of the evidence that plaintiff was paid by defendants less than the wage to which he was entitled under the provisions of the New York State law, you must award to plaintiff the total amount of the unpaid wages and his unpaid overtime compensation. If you further find that defendants' conduct in failing to pay plaintiff overtime wages was willful under New York State Law you must award to plaintiff an additional amount equal to one hundred percent of the total of such under payments found to be due plaintiff.

If you do not find that plaintiff was improperly compensated by a preponderance of the evidence, then you should find in favor of the defendants and award no damages.

ii.     **Plaintiffs Submission and/or Objections**

Under the FLSA, liquidated damages are not punitive, but compensatory. They are intended to compensate a worker for any injuries arising from the delay in receiving wages to which he is entitled to from his employer under law. Under the NYLL, liquidated damages are punitive and intended to deter employers from willfully withholding wages due to their employees. Therefore, because federal and state liquidated damages serve two fundamentally different purposes, you should award both to the Plaintiff if you find the Defendants owe him wages. Wicaksono v. XYZ 48 Corp., 10 CIV. 3635 LAK JCF, 2011 WL 2022644 (S.D.N.Y. May 2, 2011) report and recommendation adopted, 10 CIV. 3635 LAK, 2011 WL 2038973 (S.D.N.Y. May 24, 2011); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008).

Defendants object to Plaintiff's version because the Eastern District generally holds that a plaintiff may not earn double damages. If plaintiff is awarded damages under the FLSA, he cannot further collect under the New York State law. Liquidated damages under the FLSA and NYLL "compensate[] the exact same harm - namely, the harm caused by the defendant's culpable state of mind." Paz v. Piedra, 2012 U.S. Dist. LEXIS 4034, 38 (S.D.N.Y. Jan. 12, 2012) quoting Chun Jie Yin v. An J. Kim, 2008 U.S. Dist. LEXIS 26064 (E.D.N.Y. Mar. 31, 2008). Accordingly, many courts refuse to award liquidated damages under both the FLSA and NYLL. See Apolinar v. Global Deli & Grocery, Inc., 2013 U.S. Dist. LEXIS 138137, 28 (E.D.N.Y. Aug. 23, 2013); Sandoval v. Materia Bros., 2013 U.S. Dist. LEXIS 59778, 6 (S.D.N.Y. Mar. 5, 2013); (inappropriate to award liquidated damages under both FLSA and NYLL); Greathouse v. JHS Sec. Inc., 2012 U.S. Dist. LEXIS 150954, 5 (S.D.N.Y. Oct. 19, 2012) (same); Paz, 2012 U.S. Dist. LEXIS 4034 at 39; Alejo v. Darna Rest., 2010 U.S. Dist. LEXIS 133613 (S.D.N.Y. Dec. 17, 2010); Jin v. Pac. Buffet House, Inc., 2009 U.S. Dist. LEXIS 74901, 24-25 (E.D.N.Y. Aug. 24, 2009); Chun Jie Yin v. An J. Kim, 2008 U.S. Dist. LEXIS 26064 (E.D.N.Y. Mar. 31, 2008).

### 15. **SPECIAL VERDICT FORM (INTERROGATORIES)**

Let me explain the procedure you will be following in connection with your decision making in this case. You are going to be asked to answer several questions that concern the issues in this case. A set of those questions will be distributed to each of you when you retire to begin deliberations. Fill out only the set with room for the foreperson's signature and return it to the court.

Many questions you will be asked to answer can be answered "yes" or "no." Several of the questions need be answered only if a certain answer or answers have been given to a previous

question or questions. You should not answer any question one way to avoid answering a later question, but it may turn out that you do not have to answer every question. Each question that you answer should be given individual consideration.

Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the application of these instructions of law.

### 16. CONCLUSION

You may now retire to the jury room. Elect one of your members as foreperson. The foreperson is in no way more important in your deliberations. His or her function is to pass any requests for clarification of these instructions or something of that nature on to me, and to announce your verdict.

If you do have such requests, please give them to the Marshal, in writing, and he or she will bring them to me. Be careful to give us no indication of the status of your deliberations when you make such requests; we are not permitted to know anything about how fast or slow you are proceeding, or whether you are divided in your positions, or any other information about what is taking place in the jury room.

As you proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you. Render your verdicts fairly, uprightly, and without a scintilla of prejudice.

Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty of each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the course of your deliberations, you become convinced that the views you held are erroneous, do

23

not hesitate to reexamine those views and change your opinion. Ultimately, however, you must decide the case for yourself. Do not surrender your beliefs as to the proper weight of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.

Dated:  Lake Success, New York
      September 21, 2014

                Respectfully submitted,

                **MILMAN LABUDA LAW GROUP**

                _____

                Joseph M. Labuda (JL-5213)
                Attorneys for Defendants
                3000 Marcus Avenue, Suite 3W8
                Lake Success, New York 11042
                (516) 328-8899

                _____

                Roman Avshalumov, Esq.
                Helen F. Dalton & Associates, P.C.
                69-12 Austin Street
                Forest Hills, NY 11375