COURT EXHIBIT
CV13-1672
2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
LEONZO JOAQUIN
CONSTANZA ALVARADO,

                    Plaintiff,                          13 CV 1672 (RJD) (JO)

          - against -

FIVE TOWNS CAR WASH INC., and
WILLIAM BROWN

                    Defendants.
-------------------------------------------------------- x

<u>JURY CHARGE</u>

Members of the Jury:

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. Shortly after you retire for your deliberations, I will provide you with several copies of these instructions.

## GENERAL INSTRUCTIONS

### FUNCTION OF JURY

Let me remind you that in accordance with your oath as jurors it is your duty to follow the law as I state it. You have the important responsibility to judge the facts. And you alone are the judges of the facts – not counsel – not I.

### COURT HAS NO VIEW

I have no opinion as to how you should decide the facts of the case. You should not draw any inference or conclusion from anything I may have said or done. You will decide the case solely on the evidence and the law.

### NO BIAS

You must not be influenced by sympathy, prejudice, or public opinion. I remind you that each of you has undertaken a solemn obligation, a sworn obligation, to decide this case solely on the evidence. You must carefully and impartially consider the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences.

TYPES OF EVIDENCE

There are, ladies and gentlemen, generally speaking, two types of evidence from which you may find the truth as to the facts. One is direct evidence – such as the testimony of an eyewitness or participant, or physical evidence. The other is indirect or circumstantial evidence – evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in the common experience.


CIRCUMSTANTIAL EVIDENCE

There is a simple example, indeed there are many, of circumstantial evidence that is often used in this courthouse.

Assume that when you arrived here this morning the sun was shining and it was a nice day. The courtroom has no windows and you could not look outside.

Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet.

Now, you cannot look outside to see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.

That is all there is to circumstantial evidence. On the basis of reason, experience and common sense, you infer from an established fact or facts the existence or the nonexistence of some other fact.

There is no distinction between the weight to be given to direct evidence and the weight to be given to circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence.

3

BURDEN OF PROOF

In this civil action, the plaintiff has the burden of proving each of the essential elements of his claims by a preponderance of the evidence. If you find that the plaintiff has failed to establish an essential element of a claim by a preponderance of the evidence, you must decide against him on that claim. In some instances, which I will identify shortly, the defendant bears the burden of proof by a preponderance of the evidence.

To establish something "by a preponderance of the evidence" means to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that after considering all of the evidence you believe that what the party is trying to prove is more likely true than not true. If you find that the credible evidence on a given issue is evenly divided between the parties (in other words, that it is equally probable that one side is right as it is that the other side is right) or that the evidence produced by the party with the burden of proof is outweighed by evidence against that party's claim, then you must decide that issue against the party having the burden of proof.

I caution you that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a fair preponderance of the evidence.

4

## SUBSTANTIVE LAW

In this case, plaintiff Leonzo Joaquin Constanza Alvarado brings claims under the federal Fair Labor Standards Act and the New York Labor Law, alleging that defendants Five Towns Car Wash Inc. and William Brown failed to pay him proper wages.  Specifically, plaintiff alleges:

(1) that he has not been paid minimum wages while employed by defendants, in violation of both the Fair Labor Standards Act and the New York Labor Law; and

(2) that he was not paid overtime pay while employed by defendants, in violation of both the Fair Labor Standards Act and the New York Labor Law.

Defendants, Five Towns Car Wash Inc. and William Brown, deny these allegations and assert that they paid Mr. Alvarado properly.

The provisions of both the Fair Labor Standards Act and the New York Labor Law are identical in most respects.  I will point out differences between the two laws when it is necessary for your purposes.

## FIRST AND SECOND CLAIMS: MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT AND THE NEW YORK LABOR LAW

Under the Fair Labor Standards Act, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence to establish a violation of the minimum wage provisions of the Act:

First, plaintiff must prove that he was an employee of the defendant during the relevant time period.

Second, plaintiff must prove either that he was an employee engaged in commerce or the production of goods for commerce, or prove that he was employed by an enterprise engaged in commerce or the production of goods for commerce.

Third, plaintiff must prove that the defendant failed to pay the minimum wage as required by law.

Under the New York Labor Law, the plaintiff has the burden of proving only the first and third of these elements.

First Element: Employer-Employee Relationship

Under the Fair Labor Standards Act, the term "employee" means any individual employed by an employer. To "employ" someone means to permit a person to work.

Under the New York Labor Law, an "employee" includes any individual employed or permitted to work by an employer in any occupation.

An employer can be an individual or a business entity. The overarching concern in determining whether a given individual is an employer is whether the alleged employer possessed the power to control the worker in question, with an eye to the "economic reality" of the facts of the case, including whether the individual: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; or (4) maintained employment records. No single factor is controlling in making this decision.

Second Element: Engaged in Commerce or Production of Goods

The second element of the claim under the Fair Labor Standards Act (but not the New York Labor Law) is that plaintiff was either: (1) an employee engaged in commerce or the production of goods for commerce; or (2) employed by an enterprise engaged in commerce or in the production of goods for commerce.

The term "in commerce" has a broad meaning, and includes any business, trade, transportation, transmission, or communication between any place within one state and any place

outside that state. To be "engaged in the production of goods for commerce" means to be involved in producing, manufacturing, mining, handling or transporting goods, or in any manner working on such goods, or working in any closely related process or occupation directly essential to the production of goods for commerce.

The term "enterprise engaged in commerce" includes any enterprise engaged in trade, transportation, transmission or communication between any place within one state and any place outside that state. The term "enterprise engaged in the production of goods for commerce" means an enterprise involved in producing, manufacturing, mining, handling or transporting goods for commerce. In addition, to qualify as an enterprise engaged in commerce or the production of goods for commerce, the enterprise must have annual gross sales of at least $500,000.

Third Element: Failure to Pay Minimum Wage

The third element of the claim that plaintiff must prove is that the defendant failed to pay him the minimum wage required by law.

To prove this element, the plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendant, the defendant paid him less than he was legally due in minimum wages. During all relevant times for this case, under both the Fair Labor Standards Act and the New York Labor Law, the minimum wage required to be paid to an employee was $7.25 for each hour worked.

Tip Credit Under the Fair Labor Standards Act

The defendants claim that they were entitled to take a "tip credit" toward the minimum wage amounts due to plaintiff. The Fair Labor Standards Act and the New York Labor Law define the tip credit somewhat differently.

Under the Fair Labor Standards Act, an employer is allowed to pay certain "tipped employees" an hourly rate less than the federal minimum wage by crediting the tips received by the employee against part of the required hourly minimum wage.

The defendant is entitled to the tip credit under the Fair Labor Standards Act only if the defendant proves by a preponderance of the evidence each of the following three elements:

First, the defendant must prove that the tipped employee in question customarily and regularly received tips of $30 or more each month.

Second, the defendant must prove that the tipped employee was informed by the employer that a tip credit would be applied.

Third, the defendant must prove that the tipped employee received all of the tips to which he was entitled.

With respect to the first element I just described, an employee is regarded as a "tipped employee" if he has customary and regular interaction with customers and performs important customer-related functions.

With respect to the second element, concerning notice to the employee, an employer must inform employees of its intention to take a tip credit and to treat tips as part of the minimum wage.

With respect to the third element, in this case there was evidence that the tipped employees were required to participate in a "tip pool" by which they contributed their tips to be shared with other tipped employees. Tip pools are permitted as long as only tipped employees are included in the pool. If you find that the tip pool included employees who did not qualify as tipped employees, then the third element of the tip credit is not established.

The plaintiff has also alleged that at least one of the people in the tip pool – either Luciano Alfaro, Herman Heeraman ("Terry") or Sahil Sood – was an employer, as defined by federal law. Employers are not permitted to participate in a tip pool. I remind you that the overarching concern in determining whether a given individual is an employer is whether the alleged employer possessed the power to control the worker in question, with an eye to the "economic reality" of the facts of the case, including whether the individual: (1) had the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of pay; or (4) maintained employment records. No single factor is controlling in making this decision.

If you find that the defendant is not entitled to the tip credit, then the plaintiff is entitled to the difference between the hourly amount he was actually paid and the minimum wage, regardless of the amount of tips plaintiff actually received.

### Tip Credit Under the New York Labor Law

Under the New York Labor Law, an employer may also pay certain employees an hourly rate less than the state minimum wage by crediting the tips received by the employee against part of the required hourly minimum wage.

Each defendant is entitled to the tip credit under the New York Labor Law only if the defendant proves by a preponderance of the evidence the following four elements:

First, that the plaintiff was engaged in an occupation in which tips have customarily and usually constituted a part of the employee's remuneration.

Second, that no employer or agent of an employer demanded or accepted, directly or indirectly, any part of the tip received by the plaintiff or retained any part of a tip received by the plaintiff.

Third, that no employee who did not ordinarily perform personal customer service retained any part of a tip received by the plaintiff.

Fourth, that the tip credit claimed by the defendant was recorded on a weekly basis as a separate item in the wage record.

With respect to the second element, I instruct you that, under the New York Labor Law, a person is deemed to be an employer or agent when he or she exercises meaningful or significant authority or control over subordinates. Meaningful authority may include the ability to discipline subordinates, assisting in performance evaluations or participating in the process of hiring or firing employees, or assisting in the creation of employee work schedules. No single factor is controlling in making this decision, and eligibility to participate in the tip pool must be based on duties, not titles. If you find that the tip pool included an employer or agent, then the second element of the tip credit under the New York Labor Law is not met.

With respect to the third element, I instruct you that, under the New York Labor Law, tip pool eligibility must be limited to employees who are ordinarily engaged in personal customer service, which means that an employee who shares tips must perform personal service to customers as part of his principal or regular duties, not just occasionally or incidentally. If you find that the tip pool included an employee not ordinarily engaged in personal customer service, then the third element of the tip credit under the New York Labor Law is not met.

If you find that the defendant has not proven that it is entitled to the tip credit, then the plaintiff is entitled to the difference between the hourly amount he was actually paid and the minimum wage, regardless of the amount of tips plaintiff actually received.

THIRD AND FOURTH CLAIMS: OVERTIME WAGE UNDER THE FAIR LABOR
STANDARDS ACT AND THE NEW YORK LABOR LAW

Under the law, an employer is required to pay for any time that an employee worked in
excess of forty hours per week. This is known as overtime. To establish a violation of the
overtime provisions of the Fair Labor Standards Act and New York Labor Law, the plaintiff
must establish by a preponderance of the evidence that during part or all of the time period he
was employed by the defendant, the defendant paid him less than he was legally due in overtime
pay.

The amount of overtime pay that is due under both the Fair Labor Standards Act and the
New York Labor Law is one-and-one-half times the employee's regular wage. An employee's
regular wage for a given week is that employee's total weekly compensation divided by the
number of hours for which that compensation was intended. To calculate the overtime pay due
the employee, take the regular rate you calculated or the minimum hourly wage, whichever is
higher, divide that by 2, and multiply that number times the number of hours the employee
worked that week in excess of forty hours. (For example, if the regular rate was $10 per hour,
then divide $10 by 2 and multiply the result, $5, times the number of hours worked in excess of
forty hours.)

Overtime Tip Credit

The defendants claim that they were entitled to take a "tip credit" toward the overtime
wage amount due to plaintiff under the Fair Labor Standards Act and New York Labor Law. I
have already instructed you on what a defendant must prove to establish that it is entitled to take
a tip credit under those two statutes. Apply those instructions here. I remind you that the Fair

Labor Standards Act and the New York Labor Law define employer eligibility for the tip credit somewhat differently.

## FAILURE TO KEEP RECORDS

The plaintiff has claimed that the defendants failed to maintain adequate records of the hours he worked.  The law requires employers to keep accurate records of the hours each employee works each day, and the total hours worked each week. If you determine that the defendants have failed to reasonably maintain such records, then plaintiff is permitted to prove the number of hours he worked through other sorts of evidence, and you may determine the number of hours an employee worked based on that employee's recollection and your reasonable inferences drawn therefrom.  In this respect, the employee's recollection must be more than mere speculation, but need not be precise, and may consist solely of an approximation of the hours that he worked.

## MEAL PERIODS

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time.  A bona fide meal period ordinarily must last at least thirty minutes.  In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time.

To qualify as a bona fide meal period, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer.  In other words, if during meal periods the employee's time and attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then

the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the mealtime, then the employee has not been relieved from duty. Whether the time was spent predominantly for the employer's or the employee's benefit depends on all the facts and circumstances of the case.

## DAMAGES

I am now going to instruct you as to damages. But let me caution you that just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable. You should only consider the issue of damages if you first find that the plaintiff has proven by a preponderance of the evidence that one or both of the defendants violated the Fair Labor Standards Act or the New York Labor Law. If you return a verdict for the defendants, then you need not consider damages.

If you find that the plaintiff has proved that either defendant is liable to him for unpaid minimum wages or unpaid overtime, then you must determine what amount of money he is owed. The measure of damages is the difference between the amount you find that the plaintiff should have been paid under the minimum wage or overtime laws and the amount you find that the defendants actually paid the plaintiff.

## SPECIAL INTERROGATORY – GOOD FAITH

If you find in favor of the plaintiff on any of his minimum wage claims, then you must answer the following question:

Do you find that defendants have proven by a preponderance of the evidence that they had a good faith basis to believe that the underpayment of minimum wages

13

to plaintiff was in compliance with the law?

Similarly, if you find in favor of the plaintiff on any of his overtime claims, then you must answer the following question:

> Do you find that defendants have proven by a preponderance of the evidence that they had a good faith basis to believe that the underpayment of overtime wages to plaintiff was in compliance with the law?

The defendant bears the burden of proof to show that its failure to comply with the law, should you so find, was in good faith. To establish good faith, the defendant must show that it had an honest intention to ascertain and follow the dictates of the law and that they had reasonable grounds for believing that their conduct complied with the law.

I have prepared a special verdict form for you to use in recording your answer to this question.

## GENERAL PRINCIPLES

I will now instruct you on some general principles you will use in your deliberations.

## CREDIBILITY

In deciding whether or not the plaintiff has proven has proven beyond a preponderance of the evidence the claims I have described for you, you must weigh the evidence before you. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. The assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility very largely must depend upon the impression that a witness makes upon you as to whether or not he or she is telling the truth or giving you an accurate version of what occurred.

## INTERESTED WITNESSES

Consider each witness' motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship each witness bears to either side of the case, the nature of that relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The question really is, how did the witness impress you? Did the witness' version appear straightforward and candid or did the witness try to hide some of the facts? Is there a motive of

any kind to testify falsely or truthfully or to shade the testimony offered?  In other words, what you try to do, in plain English, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward, or otherwise reliable.

If you believe that witness has made an earlier statement that conflicts with his or her trial testimony, you should consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency that appealed to your common sense.


## NUMBER OF WITNESSES IMMATERIAL

The weight of the evidence is not necessarily determined by the number of witnesses, or even one witness, testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses, or even one witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.  You may, of course, reach the opposite conclusion.


## DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  During the trial, testimony was presented to you by deposition.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

16

STATEMENTS OF COUNSEL

The statements, comments, arguments, demeanor, and tone of voice of the attorneys do not constitute evidence. Nor does anything I have said or done.

JUROR'S RECOLLECTION GOVERNS

Your recollection governs. Nobody else's. Not the Court's – if I have made reference to the testimony – and not counsel's recollection. It is your recollection that must govern during your deliberations. If necessary during those deliberations, you may request a reading from the trial transcript that may refresh your recollection.

Please, as best you can, try to be as specific as possible in your requests for read backs; in other words, if you are interested only in a particular part of a witness' testimony, please indicate that to us. It may take some time for us to locate the testimony in the transcripts, so please be patient. And, as a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it. None of us goes anywhere. As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately.

If you have any questions about the applicable law and you want a further explanation from me, or if you want to see any of the exhibits, send me a note.

INFERENCES

The attorneys in summing up have asked you to draw certain inferences from the evidence in this case. Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow

from the evidence.  You are not to engage in speculation based on matters that are not in evidence.

## DELIBERATIONS

You are entitled to your own opinions but you should exchange views with your fellow jurors and listen carefully to each other.  Do not hesitate to change your opinion if you are convinced that another opinion is correct.  But each of you must make your own decision.

## JURY CHARGE

If you refer to my printed instructions, keep in mind that you should consider them as a whole.  Each part of these instructions is important in your deliberations.  And, most importantly, do not let my giving you my instructions discourage you from requesting further instructions or clarification from the Court.

## GENERAL AND SPECIAL VERDICT FORM

When you retire to the jury room, you will also be given a verdict form that I have prepared for you, with the assistance of counsel, to record your decisions.  On this form, there are spaces to indicate your verdict on each of the plaintiff's claims against the defendants.  You should return a verdict on each claim.

The form also contains interrogatories, or written questions about some of the issues in this case.  These questions are to be answered "yes" or "no."  You should answer every question on the verdict form, except where the form indicates otherwise.  You should not answer any question one way to avoid answering a later question, but it may turn out that you do not have to

answer every question. Each question that you answer should be given individual consideration. Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the application of these instructions.

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

Needless to say, if you have any questions about the verdict form, do not hesitate to ask the Court for further instructions. When you are ready to report your verdict, check the verdict sheet carefully so that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned by the Court.

## COMMUNICATION WITH COURT

If you wish during your deliberations to communicate with the Court, for any reason, send me a note through the Marshal. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or, more likely than not, orally here in open court.

## NO DISCUSSION

You will not discuss this case with anyone outside the jury room. And that includes your fellow jurors. You will only discuss the case when all seven deliberating jurors are together, in the jury room, with no one else present, behind the closed door. At no other time is there to be any discussion about the merits of the case.

FOREPERSON

In order that your deliberations may proceed in an orderly fashion, you should have a foreperson. Traditionally, juror number one acts as foreperson. If juror number one prefers not to serve in that role, you can choose a foreperson however you deem appropriate, such as by asking for a volunteer. The foreperson's vote is entitled to no greater weight than that of any other juror.

NOT TO REVEAL STATUS

Bear in mind also that you are not to reveal to any person – not even to the Court – how the jury stands numerically on the question of whether or not the plaintiff has proven one or more of his claims, until after you have reached a unanimous verdict. At that time, you should simply send me a note saying, "We have reached our verdict." You will be summoned to the courtroom and the Clerk of the Court will take the verdict.

OATH

Your oath sums up your duty – and that is, without fear or favor to any person, you will well and truly try the issues before these parties according to the evidence given to you in court, and the laws of the United States.

**END OF JURY CHARGE**

20